**GOU MEI LIN, Petitioner,**

v.

**Eric H. HOLDER, JR., U.S. Attorney General,\* Respondent.**

No. 08–5436–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**717**

Gang Zhou, New York, N.Y., for Petitioner.

Trish Maskey, Attorney (Michael F. Hertz, Acting Assistant Attorney General, and Linda S. Wernery, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present: JON O. NEWMAN, WALKER, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Gou Mei Lin, a native and citizen of the People's Republic of China, seeks review of an October 14, 2008 order of the BIA affirming the September 29, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Mei Lin,* No. A98 593 675 (B.I.A. Oct. 14, 2008), *aff'g* No. A98 593 675 (Immig. Ct. N.Y. City Sept.

29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Asylum and Withholding of Removal

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

An asylum applicant bears the burden of establishing "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" that he was persecuted. *See* 8 U.S.C. § 1158(b)(1)(B)(i). We have long recognized that an imputed political opinion can constitute a protected ground within the meaning of the INA. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). Regardless of whether an asylum applicant actually holds the particular opinion that the persecutor seeks to defeat, he may demonstrate eligibility for relief by showing that the persecutor believed that he possessed that opinion. *See id.* at 129. Furthermore, we recognize

that an asylum applicant may be able to establish a religious persecution claim based on a theory of "imputed religion." *See Rizal v. Gonzales,* 442 F.3d 84, 90 n. 7 (2d Cir.2006).

Both the BIA and the IJ found that Lin failed to establish that he was arrested and detained on account of a protected ground, because his objection to the demolition of a Buddhist temple stemmed from his inability to collect payment for his labor, and not because he opposed it on religious or political grounds. The Government argues that the record does not show that the officials imputed any belief or opinion to Lin based on his job as a painter, nor that such imputation was a central reason for his arrest and detention, because Lin claimed only that he was arrested for "disturbing the proceedings," and because the officials told Lin and the others to leave the premises. While the Government properly asserts that Lin must show that the officials' imputation of cult beliefs was a central reason for their persecution, Lin was not limited to showing that it was the only reason for the persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Matter of J–B–N & S–M–,* 24 I. & N. Dec. 208, 214 (BIA 2007). Rather, he was required to show that the protected ground was not "incidental, tangential, superficial, or subordinate to another reason for harm." *Matter of J–B–N & S–M–,* 24 I. & N. Dec. at 214; *see also Aliyev v. Mukasey,* 549 F.3d 111, 116 (2d Cir.2008) (finding that in mixed motive cases, "[t]he protected ground need not be the sole motive" for the persecution inflicted on the applicant). Thus, the fact that the Chinese government may have arrested Lin because he interfered in its prosecution of illegal cult activities does not preclude Lin from establishing an asylum claim if he can show that he suffered other harm as a result of the government's belief that he was involved in cult activities.

In this regard, Lin argues that the record establishes that he was arrested and detained because he facilitated "cult activities," and that the agency's reasoning was flawed because it ignored material evidence in the record that supported his claim. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (finding that the agency has a duty to consider the entire record and errs when it ignores significant portions of the applicant's testimony). As he asserts, the letter from Huang Youde, his employer, indicates that the Chinese government believed that the temple he was working on had been built to house cult activities. The letter further states that after he was detained, he was accused of "collusion and complicity in cult activities" and subsequently detained for three months. During that time, he was severely mistreated, given little food, and was abused by the criminal inmates with whom he shared his cell. Lin further argues that the letter from his mother indicates that she went to the precinct and learned that her son "had been 'implicated in pro-cult activities.'" These pieces of evidence indicate that the officials harmed Lin at least in part because they believed he was involved in a cult. *See Matter of J–B–N & S–M–,* 24 I. & N. Dec. at 214; *Aliyev,* 549 F.3d at 116.

The BIA also failed to take into account Lin's testimony that during his interrogation, the Chinese authorities accused him of "being superstitious and unrepentant and must be subjected to severe punishment." Thus, the record indicates that his interrogation, continued detention, and harsh treatment in custody were imposed in large part because of the government's belief that he promoted a cult and was not repentant for his actions. *See Matter of J–B–N & S–M–,* 24 I. & N. Dec. at 214; *Aliyev,* 549 F.3d at 116. Neither the BIA nor the IJ considered these portions of the record as they were required to do. *See Tian–Yong Chen,* 359 F.3d at 128. Re-

mand is therefore required so that the agency may reevaluate Lin's claim in light of this evidence. Upon remand, the BIA should consider its finding that the punishment meted out to Lin by the authorities "appears to have been disproportionate to the crime," a factor that is relevant in the determination of whether the Chinese government's actions in harming Lin, including the treatment he suffered while he was in detention, were motivated by a protected ground. *See Matter of S–P–*, 21 I. & N. Dec. 486, 494 (BIA 1996).

The BIA also found that Lin failed to establish a well-founded fear of persecution on account of his Buddhist religion, and that his family's continued safe existence in China undermines the reasonableness of his claim. In reaching this conclusion, the BIA misunderstands the basis of Lin's claim, which was not based on his practice of Buddhism, but on his assertion that the Chinese government believed that he supported cult activities, i.e., religions which, unlike Buddhism, the Chinese government has criminalized and seeks to re-press. Thus, the BIA's finding that Lin failed to establish a well-founded fear of persecution based on his practice of Buddhism has no bearing on his claim for asylum.

## II. CAT Relief

In his brief to this Court, Lin has failed to raise any challenge to the agency's denial of his CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, we deem his CAT claim waived.

For the foregoing reasons, the petition for review is **GRANTED.** As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.